IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNIFIED SCHOOL DISTRICT 467, WICHITA COUNTY, KS. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-1025-RDR ) |
| LELAND A GRAY ARCHITECTS, LLC. and CUSTOM CONSTRUCTION, AND DESIGN INC., | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is presently before the court upon plaintiff Unified School District 467's motion to remand. USD 467 contends that the case should be remanded because the defendants failed to timely remove it. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.[1]

I

This case involves a construction dispute. USD 467 sought to renovate two of its buildings and contracted with Leland A. Gray Architects, LLC (Gray) and Custom Construction & Design, Inc. (CC&D) to assist with the renovation. USD 467 contends that certain aspects of the renovation were not performed satisfactorily and brought suit against Gray and CC&D in state court on October 7, 2013, alleging claims under Kansas law. Gray was served on October 25,

---

[1] USD 467 filed a request for oral argument on its motion pursuant to D.Kan. Rule 7.2. Rule 7.2 states that "[t]he court may set any motion for oral argument . . .at the request of party. . ." The discretion to schedule oral argument lies with the court. The court does not find oral argument necessary here. The court notes USD 467 has failed to provide a reason why oral argument is needed and the court has not discerned any since neither the facts nor the law concerning this motion is complex. The court shall deny USD 467's request for oral argument.

2013. After arguing and losing a state court motion on another issue, Gray filed a motion for more definite statement in state court on December 24, 2013, seeking clarification about the citizenship of CC&D. Gray indicated that it was seeking information on CC&D's principal of business so it could determine removability. Rather than oppose the motion, USD 467 stipulated that it would file an amended petition that included the citizenship of CC&D. USD 467 filed the amended petition on January 7, 2014. The amended petition alleged that CC&D "is a Utah corporation with its principal place of business in Herriman, Utah." On January 17, 2014, Gray filed a notice of removal with the state court and this court based upon diversity of citizenship jurisdiction. USD 467 filed the instant motion on February 14, 2014.

II.

In its motion, USD 467 contends that Gray should have removed this action within 30 days of the initial petition filed by it in state court. USD 467 asserts that Gray understood at the time of the initial petition that diversity jurisdiction was present in this case because it knew CC&D's "principal place of business" was in Utah. USD 467 argues that Gray was not entitled to wait until the amended petition was filed to remove this case to federal court.

For a case to be removable from state court, the federal court must have jurisdiction. See 28 U.S.C. § 1441. Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982).

The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. Section 1446(b) identifies two 30-day periods for removing a case. The first 30-day removal period is triggered if the case stated by the initial pleading is removable on its face. 28 U.S.C. §

1446(b)(1). The second 30-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b)(3).

The 30-day clock begins to run only after a state court defendant has "clear and unequivocal notice" that the action is removable. Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998); Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999)("If [§ 1446(b)] is going to run, the notice ought to be unequivocal.")(internal quotation and citation omitted). A removing party is not obligated to "investigate and determine removability where the initial pleading indicates that the right to remove *may* exist." Akin, 156 F.3d at 1036 (emphasis in original).

### III.

The issue is whether Gray possessed "clear and unequivocal notice" that the action was removable when USD 467 filed its initial petition in state court. USD 467 contends that it did. USD 467 relies upon a declaration of its Superintendent of Schools, Keith M. Higgins. In that declaration, Superintendent Higgins states that when bids were first being considered for its project, Gray identified CC&D as a potential contractor that should be allowed to bid on the project. Superintendent Higgins further states that Gray, in identifying CC&D as a potential bidder, provided a business address for CC&D in Utah. Superintendent Higgins further notes that CC&D later submitted a bid that listed the same address earlier provided by Gray.

USD 467's initial state court petition did not allege CC&D's principal of business. It is, of course, not uncommon for a state court pleading to omit the necessary facts needed to determine

3

diversity jurisdiction.  "[T]he citizenship of the parties, including a corporate party's principal place of business or state of incorporation, normally will not be set forth in a complaint filed in a state court because plaintiffs generally have no need or reason to plead those matters.  The complaint therefore will not reveal the existence of diversity of citizenship jurisdiction."  14C Wright, Miller, Cooper & Steinman, Federal Practice and Procedure, § 3734 at 667 (4th ed. 2009).  Obviously, diversity of citizenship is a federal, not a state, concern.  See 28 U.S.C. § 1332 (requiring that suit be between "citizens of different States" for federal jurisdiction predicated on diversity of citizenship).

Based upon the Tenth Circuit's decision in Akin, the court is not persuaded that the initial petition in this case provided "clear and unequivocal notice" that the action was removable.  In Akin, the Tenth Circuit determined that removability is determined through the examination of the four corners of the applicable pleading and any subsequent papers, not through subjective knowledge or a duty to make further inquiry.  156 F.3d at 1036.  Thus, if a complaint is not removable on its face, then "the notice of removal may be filed within thirty days after the defendant receives an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.  Here, Gray filed its notice of removal within 30 days after the filing of USD 467's amended petition which contained the allegation of CC&D's "principal place of business."  Accordingly, Gray's removal was timely and USD 467's motion to remand must be denied.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. # 8) be hereby denied.

IT IS FURTHER ORDERED that plaintiff's request for oral argument (Doc. # 11) be

4

hereby denied.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2014, at Topeka, Kansas.

<pre>                              s/Richard D. Rogers
                              Richard D. Rogers
                              United States District Judge</pre>