# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNIFIED SCHOOL DISTRICT 467, WICHITA COUNTY, KANSAS, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 14-1025-KHV |
| LELAND A. GRAY ARCHITECTS, LLC, et al., | ) ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| REFRIGERATION SUPPLIES DISTRIBUTOR, INC., et al., | ) ) ) | |
| Third-Party Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Unified School District 467, Wichita County, Kansas brings suit against Leland A. Gray Architects, LLC ("Gray Architects") and Custom Construction & Design, Inc. ("CC&D") for claims arising out of the faulty design and installation of replacement heating, ventilation and air condition ("HVAC") systems in elementary and high school buildings.[1]  See First Amended Complaint (Doc. #115) filed October 19, 2015; Amended Petition (Doc. #1-1) attached to Notice Of Removal (Doc. #1) filed January 17, 2014.  CC&D brings third-party claims against Refrigeration Supplies Distributor, Inc. ("RSD") and Mitsubishi Electric and Electronics USA, Inc. ("MEUS") for breach of contract, breach of warranties, negligence and

---

[1]    On January 5, 2015, the Court entered judgment against Gray Architects, based on its confession of judgment.  See Order (Doc. #75).  The Court later found that facts in that confession of judgment do not bind parties other than Gray Architects.  See Order (Doc. #86) filed February 2, 2015.

contribution/indemnity.   See First Amended Third-Party Complaint (Doc. #137) filed December 1, 2015.   This matter comes before the Court on the Joint Motion Of Custom Construction & Design, Inc. And Mitsubishi Electric And Electronics USA, Inc. For Dismissal Of Third-Party Defendant Mitsubishi Electric And Electronics USA, Inc. ("Joint Motion") (Doc. #174) filed March 24, 2016.   For reasons stated below, the Court sustains the motion.

CC&D and MEUS ask the Court to enter an order under Rule 41(a)(2), Fed. R. Civ. P., dismissing the third-party claims of CC&D against MEUS.[2]   See Joint Motion (Doc. #174). Third-party defendant, RSD, does not object to the motion.   See id. ¶ 2.   Plaintiff responds that while it does not object "in concept" to the proposed dismissal, it believes that the Court should require certain conditions as a result of the dismissal.   U.S.D. 467's Response To Joint Motion To Dismiss Mitsubishi (Doc. #176) filed March 29, 2016 at 1-3.   Specifically, plaintiff asks the Court to incorporate the following terms in the order of dismissal:

> 1.  CC&D must by April 12, 2016 either withdraw any effort to compare the fault of MEUS or submit, for inclusion in the Pretrial Order, a full and complete specification of its Mitsubishi-related defenses to plaintiff's claims;
>
> 2.  No later than five days prior to the to-be-rescheduled pretrial conference, counsel for U.S.D. 467, CC&D, and RSD must submit a new proposed pretrial order incorporating CC&D's specific defenses; and
>
> 3.  Counsel for the parties will endeavor, in good faith, to enter a stipulation regarding the admissibility and foundation of MEUS-produced exhibits no later than April 12, 2016.

---

[2]      Rule 41(a)(2) states as follows:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).   Pursuant to Rule 41(c), the rule applies to dismissal of "any counterclaim, cross claim or third-party claim."  Fed. R. Civ. P. 41(c).

Id. at 3.  As a preliminary matter, it appears that plaintiff's third request, i.e. that the Court require the parties to endeavor in good faith to reach a stipulation regarding admissibility and foundation of MEUS-produced exhibits, is moot: CC&D replies that it will stipulate that documents produced by MEUS qualify as business records for purposes of that particular foundational requirement.  See Custom Construction & Design's Reply In Support Of Joint Motion To Dismiss Mitsubishi (Doc. #178) filed March 31, 2016.

As a condition of dismissal, plaintiff asks the Court to require that CC&D include in the pretrial order a full and complete specification of its MEUS-related defenses to plaintiff's claims. The Court notes that CC&D filed the motion to dismiss on March 24, 2016, the day before the pretrial conference scheduled for March 25, 2016 with Magistrate Judge K. Gary Sebelius.  In light of the motion, Judge Sebelius continued the pretrial conference pending resolution of the motion.  See Minute Entry (Doc. #175) filed March 25, 2016.  Due to the posture of the case, the parties remain free to raise in proceedings before Judge Sebelius issues regarding adequacy of allegations and defenses contained in the pretrial order.  Of course, the Court's usual rules regarding pretrial orders apply, see D. Kan. Rule 16.2,[3] and CD&D runs the risk of waiving any defenses which it does not properly include in the pretrial order.  See, e.g., Hullman v. Bd. of Trustees of Pratt Cmty. Coll., 950 F.2d 665, 667 (10th Cir. 1991) (trial court has discretion to exclude issues and claims not found in pretrial order); Digital Ally, Inc. v. Z3 Tech., LLC,

---

[3]     Rule 16.2(b) states as follows:

The pretrial order, when approved by the court and filed with the clerk, together with any memorandum entered by the court at the conclusion of the pretrial conference, will control the subsequent course of the action unless modified by consent of the parties and court, or by an order of the court to prevent manifest injustice.

D. Kan. R. 16.2(b).

No. 09-2292-KGS, 2012 WL 2366713, at *2 (D. Kan. June 21, 2012) (failure to preserve affirmative defense in pretrial order constitutes waiver of defense); <u>Lohmann & Rauscher, Inc. v. YKK (U.S.A.) Inc.</u>, 477 F. Supp.2d 1147, 1152 (D. Kan. 2007) (failure to preserve defense in pretrial order constitutes waiver of defense); <u>Hinds v. Sprint/United Mgmt. Co.</u>, No. 05-2362-KHV, 2006 WL 3715905, at *10 (D. Kan. Dec. 12, 2006) (claims not asserted in pretrial order not part of case): <u>Long v. City of Leawood, Kan.</u>, 6 F. Supp.2d 1249, 1252 n.3 (D. Kan. 1998) (omission of theory from pretrial order constitutes waiver), <u>aff'd</u>, 202 F.3d 282, 2000 WL 14257 (10th Cir. Jan. 7, 2000).  The Court notes that plaintiff apparently chose not to sue MEUS and that CC&D presumably would have the right to compare the fault of MEUS regardless whether it asserted third-party claims in the case.  Under the circumstances, the Court will not set forth requirements regarding the pretrial order as a condition to allowing dismissal of the third-party claims against MEUS.

**IT IS THEREFORE ORDERED** that the <u>Joint Motion Of Custom Construction & Design, Inc. And Mitsubishi Electric And Electronics USA, Inc. For Dismissal Of Third-Party Defendant Mitsubishi Electric And Electronics USA, Inc.</u> (Doc. #174) filed March 24, 2016 be and hereby is **SUSTAINED**.  The third-party claims of Custom Construction & Design, Inc. against Mitsubishi Electric and Electronics USA, Inc. are hereby **DISMISSED without prejudice**.

Dated this 12th day of April, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

- 4 -