IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNIFIED SCHOOL DISTRICT 467, ) <br> WICHITA COUNTY, KANSAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRAY ARCHITECTS, LLC and ) <br> CUSTOM CONSTRUCTION & ) <br> DESIGN, INC., ) <br> ) <br> Defendants and Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REFRIGERATION SUPPLIES ) <br> DISTRIBUTOR, INC., ) <br> ) <br> Third-Party Defendant. ) | Case No. 14-1025-KHV |

## MEMORANDUM AND ORDER

This matter comes before the court upon Refrigeration Supplies Distributor's Motion to Compel Answers to its First Interrogatories to Third-Party Plaintiff Custom Construction & Design, Inc. (ECF No. 177). Refrigeration Supplies Distributor (RSD) argues that Custom Construction & Design's (CC&D) responses to Interrogatory Nos. 1, 3-6, 8, 9, 10, and 11 are incomplete and/or evasive. RSD seeks a court order compelling full and complete responses.[1] For the reasons explained below, the court agrees and grants the motion to compel.

Fed. R. Civ. P. 33 governs interrogatories to parties. The rule provides that the responding party must answer each interrogatory fully and separately in writing to the extent it does not object to the interrogatory.[2] This means the responding party must include in its answer

---

[1] During the final pretrial conference, RSD informed the court that it was not going to file a reply brief.

[2] Fed. R. Civ. P. 33(b)(3).

all information within its possession, custody, or control—including information known by the responding party's agents.[3] Under certain circumstances, a responding party has the option of producing business records as a method of responding to an interrogatory. Specifically, if the answer to an interrogatory may be determined by reviewing business records, "and if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party may: (1) specify the records to be reviewed or (2) provide the interrogating party an opportunity to examine the records.[4] When specifying the records to be reviewed, the responding party must provide sufficient detail to enable the interrogating party to locate and identify the documents as readily as the responding party could.[5] To comply with Rule 33(d)'s option to produce business records, the responding party must not only specifically designate which records answer the interrogatory, but the records specified must actually contain the information sought by the interrogatory.[6] In other words, a party does not comply with this provision by generally identifying large categories of documents or by identifying documents that are not its own business records.[7] In addition, if a party objects to an interrogatory, it must state the grounds for the objection with specificity.[8] Objections not timely asserted are waived unless the court excuses the failure for good cause.[9]

---

[3] *See, e.g., Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 298 F.R.D. 633, 647 (S.D. Cal. 2014) (stating that the responding party must furnish all information available to it).

[4] Fed. R. Civ. P. 36(d).

[5] Fed. R. Civ. P. 36(d)(1).

[6] *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D. Kan. 1996).

[7] *Id.*

[8] Fed. R. Civ. P. 33(b)(4).

[9] *Id.*; *Moses v. Halstead*, 236 F.R.D. 667, 673 (D. Kan. 2006) (finding that an objection not initially asserted in response to an interrogatory was waived).

In this case, CC&D did not assert any objections when it initially responded to the interrogatories.[10] Although CC&D argues in response to the motion to compel that certain interrogatories are overly broad an unduly burdensome, it has waived these objections. The only issue then is whether CC&D's answers to the interrogatories are sufficient. As explained in greater detail below, the court holds that CC&D's responses are deficient because they do not identify with specificity the business records that would provide responsive answers and because many responses are evasive or fail to respond to all parts of the questions posed.

### A. Interrogatory No. 1

This interrogatory asks CC&D to identify all HVAC drawings or other design documents CC&D claims Gary Wadsworth prepared for the Leoti Project. CC&D responded by stating,

> See deposition exhibit 47. In addition, see deposition exhibit 31, which includes additional Design Tool drawings prepared by Mr. Wadsworth for the seven City Multi systems at the Leoti School District buildings. *There may be others*.[11]

RSD states that Exhibit 31 is a flash drive that Mr. Wadsworth provided during his deposition. The files total 188 megabytes, and according to RSD, many of the files have nothing to do with design. General references to voluminous exhibits without specifying a Bates number or page number where the information can be found is not sufficient detail to enable RSD to locate and identify responsive information. And because the interrogatory asks CC&D to identify HVAC drawings that *CC&D claims* were prepared by Mr. Wadsworth, pointing RSD to Mr. Wadsworth's personal electronic files would not appear to answer the question of which, if any, HVAC drawings CC&D claims were prepared by him. CC&D's statement that there may be

---

[10] *See generally* Custom Construction & Design, Inc.'s Answs. To Third-Party Def. Refrigeration Supplies Distributor's First Set of Interrog., ECF No. 177-4.

[11] *Id.* at 2 (emphasis supplied).

other documents is also improper and evasive for the same reasons explained when addressing Interrogatory No. 11. For these reasons, the court grants the motion to compel as to Interrogatory No. 1. CC&D shall supplement its response within fourteen (14) calendar days from the date of this order, specifically identifying those documents responsive to this interrogatory.

### B.  Interrogatory Nos. 3-6 and 8

These interrogatories ask CC&D to state the material and principal facts supporting several of CC&D's allegations. CC&D provided the same response to each of the interrogatories: "See Engineering Evaluation of HVAC Design and Equipment Installations at USD 467, Wichita County, prepared by Carl E. Martin (previously produced)."[12] According to RSD, Mr. Martin's retained expert report identifies the material he reviewed in formulating his opinions, and it states his opinions. But as RSD notes, Mr. Martin would not have any personal knowledge of the alleged factual support for CC&D's claims. Indeed, the option to produce business records would rarely constitute an appropriate response for contention interrogatories because contention interrogatories, by their very nature, seek information regarding a party's opinion or contention. It is difficult to see how business records would provide this information. For these reasons, the court grants the motion to compel as to Interrogatory Nos. 3-6 and 8. CC&D shall supplement its responses by providing the material and principal facts which it claims support its allegations within fourteen (14) calendar days from the date of this order.

Although CC&D states that it will supplement its responses to these interrogatories by referring RSD to the report prepared by plaintiff's expert, MKEC Engineering Consultants, this would not appear to be fully responsive to the interrogatories for the same reasons explained

---

[12] *Id.* at 2-4.

above. The court warns CC&D that future deficient responses to these interrogatories will likely result in discovery sanctions.

### C. **Interrogatory Nos. 9 and 10**

These interrogatories seek itemizations for the expenses CC&D incurred for the purchase and installment of various materials for the Leoti Project. They also contain subparts seeking:

> (1) The exact expense to purchase the piping or lines; (2) The date(s) the piping or lines were purchased and from whom or what; (3) The exact expense to install the piping or lines; (4) The date(s) the piping or lines were installed; and (5) Identify the installer(s) of such piping or lines (each individual installer and his employer) and [i]dentify all documents or tangible things that tend to prove, describe or report all or part of your itemizations provided in response to this interrogatory.[13]

CC&D responded to each of the interrogatories by stating, "See documents produced by Gary Wadsworth."[14] CC&D states that because it purchased the refrigerant and condensate piping for the Leoti project from RSD, RSD has all of the documents related to those purchases. Therefore, CC&D's responses are "in compliance with established discovery standards."[15] This is not the case though, as CC&D's response does not comply with the plain language of Rule 33. CC&D fails to describe with any specificity the documents that would contain the information sought by the interrogatories. According to RSD, Mr. Wadsworth has provided thousands of documents, many of which have nothing to do with the information sought by these interrogatories. For these reasons, the court grants the motion to compel as to Interrogatory Nos.

---

[13] *Id.* at 5-6.

[14] *Id.*

[15] Custom Construction & Design's Resp. to Refrigeration Supplies Distributor's Mot. to Compel at 5, ECF No. 186.

9-10. CC&D shall supplement its responses by providing the itemizations for the expenses within fourteen (14) calendar days from the date of this order.

### D. Interrogatory No. 11

This interrogatory asks CC&D to identify e-mails and correspondence sent by CC&D or on CC&D's behalf in which Mr. Wadsworth was asked to approve all or part of work performed or services provided in connection with the Leoti Project. CC&D responded by stating, "See attached e-mails, which were included with deposition exhibit 42. *There may be others*."[16] RSD states that this interrogatory seeks to pinpoint which e-mails CC&D's principals claim were exchanged with Mr. Wadsworth concerning his alleged approval of the installation of the HVAC systems. RSD contends CC&D's statement, "There may be others," is improper and defeats the purpose of the interrogatory because RSD cannot know whether CC&D has provided an all-inclusive, complete response.

CC&D takes issue with the interrogatory itself—again attempting to assert waived overbreadth and unduly burdensome objections and arguing that RSD's counsel should be capable of identifying these categories of documents. It cannot, however, justify its statement that, "There may be others," which essentially amounts to a disclaimer that the interrogatory response may be incomplete. CC&D is required to provide a responsive answer that encompasses all information within its possession, custody, or control. Of course, if a party responding to an interrogatory learns that its response is incomplete or incorrect in some material respect, it may timely supplement the response.[17] But this is not an invitation to serve deficient answers to interrogatories in the first instance. For these reasons, the court grants the motion to

---

[16] Custom Construction & Design, Inc.'s Answs. To Third-Party Def. Refrigeration Supplies Distributor's First Set of Interrog. at 7, ECF No. 177-4 (emphasis supplied).

[17] Fed. R. Civ. P. 26(e)(1)(A).

9-10. CC&D shall supplement its responses by providing the itemizations for the expenses within fourteen (14) calendar days from the date of this order.

### D. Interrogatory No. 11

This interrogatory asks CC&D to identify e-mails and correspondence sent by CC&D or on CC&D's behalf in which Mr. Wadsworth was asked to approve all or part of work performed or services provided in connection with the Leoti Project. CC&D responded by stating, "See attached e-mails, which were included with deposition exhibit 42. *There may be others*."[16] RSD states that this interrogatory seeks to pinpoint which e-mails CC&D's principals claim were exchanged with Mr. Wadsworth concerning his alleged approval of the installation of the HVAC systems. RSD contends CC&D's statement, "There may be others," is improper and defeats the purpose of the interrogatory because RSD cannot know whether CC&D has provided an all-inclusive, complete response.

CC&D takes issue with the interrogatory itself—again attempting to assert waived overbreadth and unduly burdensome objections and arguing that RSD's counsel should be capable of identifying these categories of documents. It cannot, however, justify its statement that, "There may be others," which essentially amounts to a disclaimer that the interrogatory response may be incomplete. CC&D is required to provide a responsive answer that encompasses all information within its possession, custody, or control. Of course, if a party responding to an interrogatory learns that its response is incomplete or incorrect in some material respect, it may timely supplement the response.[17] But this is not an invitation to serve deficient answers to interrogatories in the first instance. For these reasons, the court grants the motion to

---

[16] Custom Construction & Design, Inc.'s Answs. To Third-Party Def. Refrigeration Supplies Distributor's First Set of Interrog. at 7, ECF No. 177-4 (emphasis supplied).

[17] Fed. R. Civ. P. 26(e)(1)(A).

compel as to Interrogatory No. 11. CC&D must serve a supplemental response that removes the language, "There may be others." CC&D shall also supplement this response with additional information if it was not previously disclosed when CC&D initially responded to this interrogatory.

### E. Conclusion

CC&D's responses to the interrogatories are not supported by the Federal Rules of Civil Procedure or by existing case law. Long before RSD filed its motion to compel, it should have become apparent to CC&D that its responses were not supportable, and CC&D should have served supplemental responses without the need for a court order directing it to do so. For the reasons stated above, RSD's motion to compel is granted.

Within fourteen (14) calendar days from the date of this order, CC&D shall supplement its responses, as directed in this order, to Interrogatory Nos. 1, 3-6, 8, 9, 10, and 11. They shall be verified under oath by an authorized representative of CC&D, as required by Rule 33. CC&D shall provide full and complete responses to these interrogatories. Under appropriate circumstances, CC&D may elect to produce business records as a method of responding to the interrogatories. If it elects to do so, it shall state with specificity the records to be reviewed. This means that CC&D must provide enough information so that RSD knows which page or pages contain the information sought. Citing to "Exhibit 31" is appropriate only when each page of Exhibit 31 contains information responsive to the interrogatories. If it does not, CC&D must cite each page number.

Accordingly,

**IT IS THEREFORE ORDERED** that Refrigeration Supplies Distributor's Motion to Compel Answers to its First Interrogatories to Third-Party Plaintiff Custom Construction & Design, Inc. (ECF No. 177) is granted.

**IT IS SO ORDERED.**

Dated this 6th day of May, 2016, at Topeka, Kansas.

<div style="text-align:right">

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

</div>